JOHN D. NIBBELIN, COUNTY COUNSEL (SBN 184603)
By: Gina J. Beltramo, Lead Deputy (SBN 203809)
500 County Center, 4th Floor
Redwood City, CA 94063
Telephone: (650) 363-4789
Facsimile: (650) 363-4034
E-mail: gbeltramo@smcgov.org

Attorney for Defendants
LAS LOMITAS ELEMENTARY SCHOOL DISTRICT,
LAS LOMITAS ELEMENTARY SCHOOL DISTRICT
GOVERNING BOARD, DR. BETH POLITO, HEATHER HOPKINS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LADERA TAXPAYERS FOR INTEGRITY IN GOVERNANCE,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>LAS LOMITAS ELEMENTARY SCHOOL DISTRICT, in its capacity as a property owner; LAS LOMITAS ELEMENTARY SCHOOL DISTRICT GOVERNING BOARD, in its capacity as a property manager; DR. BETH POLITO, in her official capacity as Superintendent of the Las Lomitas Elementary School District; HEATHER HOPKINS, in her official capacity as President of the Las Lomitas Elementary School District Governing Board; WOODLAND SCHOOL; and DR. JENNIFER WARREN, in her official capacity as Head of Woodland.<br><br>　　　　Defendants. | Case No. 3:24-cv-02412-WHO<br><br>**REPLY TO OPPOSITION TO MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(1) AND (6)**<br><br>**Hearing**<br><br>Date:　　July 10, 2024<br>Time:　　2:00 p.m.<br>Location:　San Francisco Courthouse<br>　　　　　450 Golden Gate Avenue<br>　　　　　San Francisco, CA 94102<br><br>**THE HONORABLE WILLIAM H. ORRICK** |

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.      INTRODUCTION

Plaintiff Ladera Taxpayers For Integrity In Governance ("Plaintiff") has not meaningfully addressed or refuted the arguments in Defendant's Motion to Dismiss. Much like the First Amended Complaint ("FAC"), Plaintiff's Opposition consists largely of misstatements of law and conclusory allegations.  Plaintiff has failed to establish that the FAC plausibly alleges that any Defendant— Las Lomitas Elementary School District, Las Lomitas Elementary School District Governing Board, Dr. Beth Polito, or Heather Hopkins—violated its constitutional rights, or that any Defendant can be held liable for their supposed misconduct. This lawsuit is ill-conceived, unfounded, and a waste of public resources. The Court should grant the Defendants' motion and dismiss the case in its entirety and without leave to amend.

## II.     ARGUMENT

### A.  Defendants Are Immune Under the Eleventh Amendment

As a matter of law, Plaintiff's FAC should be dismissed in its entirety as to all Defendants. *See ALA, INC v. CCAIR, INC.*, 29 F.3d 855, 859, (3d Cir. 1994) ("[A] complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense ... appears on its face".) Pursuant to the Eleventh Amendment, Defendants are immune from each of Plaintiff's claims against them.

The prevailing analysis of Eleventh Amendment immunity is consideration of the state's intent as to the status of the entity, the state's control over the entity, and the entity's overall effects on the state treasury. *Kohn v State Bar*, 87 F.4th 1021, 1030 (9th Cir. 2023). While Plaintiff attempts to persuade this Court that *Sato v Orange County Department of Education* supports its proposition that Defendants are not immune under the Eleventh Amendment, this is simply not the outcome of application of that case.

In *Sato*, the Supreme Court examined whether Eleventh Amendment immunity applied to the Orange County Department of Education ("OCDE"), an educational agency similarly situated to Las Lomitas Elementary School District ("LLESD"). *Sato v. Orange Cnty. Dep't of Educ.,* 861 F.3d 923 (9th Cir. 2017). Plaintiff Sato argued that "when AB 97 replaced revenue limits with the LCFF, it replaced a maximum per-pupil funding formula with a minimum per-pupil formula. According to Sato, school districts and COEs in California, like those in Alaska, Arizona, and Nevada, are now free to raise local

property tax revenues as much as they want to supplement minimum state support." *Id.* at 930.  As such, Sato argued that OCDE was not immune under the Eleventh Amendment. The Supreme Court entered into a lengthy analysis of state common law, legislative intent, and the California school system funding formula, but not without first providing a succinct response to Sato's theories: "We find Sato's arguments without merit." *Id.*

Plaintiff puts forth here the same argument asserted by Sato, which is thus conclusively without merit. Defendants are immune from Plaintiff's federal claims (Claims One and Two) under the Eleventh Amendment. Furthermore, all Defendants hold Eleventh Amendment immunity from all of Plaintiff's state law claims (Claims Four through Seven), under the doctrine of sovereign immunity, the foundation of Eleventh Amendment immunity.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98, 104 S.Ct. 900, 906-907 (1984). ("In short, the principle of sovereign immunity is a constitutional limitation on the federal judicial power established in Art. III.")

Similarly without merit are Plaintiff's assertions that Defendants are not state actors, as it relates to Plaintiff's claims, and therefore not immune. Though districts may have "wide discretion and considerable autonomy," the Ninth Circuit has made explicitly clear that "public schooling is considered a central governmental function under California law and that school districts are considered agents of the state carrying out this function." S*ee Belanger v. Madera Unified School District*, 1963 F.2d 248, 253 (9th Cir. 1992) cert. den. 113 S.Ct. 1280. Alleging that Defendants are acting as private landowners does not make it so. Plaintiff fails to offer any legal authority for this conclusory statement. What's more, Plaintiff's own FAC refers to state laws related to land use to which, by Plaintiff's own assertions, Defendants must abide. FAC at ¶¶ 47, 48, 98.

Finally, Plaintiff's Opposition misstates its own requests for relief, which bears on Eleventh Amendment immunity. Plaintiff wrongly asserts in its Opposition that "the alleged causes of action against Heather Hopkins and Beth Polito seek an order commanding them to refrain from violating federal law. Eleventh Amendment immunity therefore does not apply to any claims against them." Plaintiff's Opposition to Motion to Dismiss ("Pltf's Oppo."),13:16-18. Yet, Plaintiff seeks declaratory relief against <u>all</u> Defendants as to alleged First and Fourteenth Amendment violations (Claims One and Two). Plaintiff seeks declaratory relief against <u>all</u> Defendants under state law claims (Claim Four).

1    Plaintiff seeks injunctive relief against <u>all</u> Defendants under state law claims (Claims Five and Six).

2    Finally, Plaintiff seeks <u>damages</u> as against Defendants Beth Polito and Heather Hopkins pursuant to

3    alleged state law claims (Claim Seven). Each of these claims, for reasons previously articulated by

4    Defendants, do not pierce Eleventh Amendment immunity.

5        Thus, Defendants each hold Eleventh Amendment immunity as to each and every claim against

6    them, and the FAC should be dismissed without leave to amend.

7    **B.  Plaintiff Has No Standing to Bring Either Federal or State Claims in this Court**

8        Article III standing is a prerequisite to federal jurisdiction and requires (1) an invasion of a legally-

9    protected interest which is concrete and particularized, actual or imminent, not conjectural or

10   hypothetical; (2) a "fairly traceable" causal connection between the injury and the conduct complained

11   of; and (3) a likelihood that the injury will be redressed by a favorable decision. *See Lujan v. Defs. of*

12   *Wildlife*, 504 U.S. 555, 560-61 (1992).

13       "An association may have standing in its own right to seek judicial relief from injury to itself and to

14   vindicate whatever rights and immunities the association itself may enjoy." *Warth v. Seldin,* 422 U.S.

15   490, 511, 95 S.Ct. 2197 (1975). Plaintiff's FAC does not allege an injury to the association itself.

16   Ostensibly, Plaintiff's FAC is alleging injury to its members. Plaintiff claims those members have been

17   unable to utilize the Play Areas when and how they so choose. *See* FAC at ¶¶ 99, 100, 105, 106, 109.

18   112. However, Plaintiff fails to articulate particular, concrete, specific injury.  Rather, the "injuries"

19   asserted are completely conjectural. Without specific injury, the second and third prong of the standing

20   analysis cannot be met, as those subsume the presence of an injury. Thus, Plaintiff lacks standing on all

21   claims brought against Defendants. "A party seeking to commence suit in federal court must meet the

22   stricter federal standing requirements of Article III." *Cantrell v City of Long Beach*, 241 F3d 674, 683

23   (2001). These stricter federal standing requirements apply not only to Plaintiff's federal claims, but also

24   its state law claims. "California's lenient taxpayer standing requirements do not relieve the [plaintiffs] of

25   the obligation to establish a direct injury under the more stringent federal requirements for state and

26   municipal taxpayer standing." *Id*. Without direct injury to its "member(s)" or its association, Plaintiff

27   lacks standing on all claims.

28   //

**C. The facts pleaded in the FAC do not add up to any cognizable constitutional violation caused by Defendants.**

Dismissal under Rule 12(b)(6) is proper when the complaint "fails to allege sufficient factual support for its legal theories." *See Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016) (accepting material facts as true and drawing reasonable inferences in the plaintiff's favor). To survive Defendants' motion to dismiss, the FAC must allege sufficient factual support for two essential elements of a claim under 42 U.S.C. § 1983: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Because Plaintiff has not alleged facts sufficient to establish a constitutional right was violated, the FAC should be dismissed.

The FAC and Opposition assert few, if any, non-conclusory facts and primarily consists of "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff's Opposition does not address Defendants' argument that the Complaint largely fails to specify which facts implicate which of the four Defendants, rather than all four Defendants generally. Further, Plaintiff cannot justify filing a shotgun pleading rather than a "short and plain statement of the claim showing that the pleader is entitled to relief," as required by Federal Rule of Civil Procedure 8(a).

Plaintiff has failed to establish a First Amendment right for matters such as painting lines on grass, erecting water features, or painting bicycle tracks on District property. Pltf's Oppo. 21:19, 22:1-9. Plaintiff has failed to sufficiently plead a constitutional right to "money-speech." *Id.* 22:19-20. Succinctly, Plaintiff did not sufficiently plead a violation of the right to speech or assembly.

Likewise, Plaintiff fails to allege disparate treatment based on a protected class, or under a class of one theory. Plaintiff asserts Defendants' allowances to its tenant, memorialized in a lease (see Dkt. 1-1, Exhibits D, F.), are different from allowances given to the general public. However, even when all facts alleged are taken as true, Plaintiff failed to establish that this difference in treatment is a violation of Plaintiff's Fourteenth Amendment right to equal treatment.

Thus, the First Amended Complaint "fails to state a cognizable legal theory [and] fails to allege sufficient factual support for its legal theories" and dismissal of the First and Fourteenth Amendment claims are warranted. *See Caltex Plastics, Inc.*, 824 F.3d at 1159. The FAC should be dismissed in its

1  entirety.

2  **D. Plaintiff's Extraneous Evidence Attached to its Opposition Should not Be Considered.**

3  With some exceptions, courts will look beyond the four corners of the complaint in ruling on a

4  Rule 12(b)(6) motion. *Fraley v. Facebook, Inc.*, 830 F.Supp.2d 785 (N.D. Cal. 2011)(citing *Schwartz v.*

5  *KPMG LLP*, 476 F.3d 756, 762 (9th Cir. 2007)). Here, Plaintiff did not request judicial notice of the

6  exhibits attached to the Declaration of T. Oliver in Support of Opposition to Motion to Dismiss. These

7  exhibits are not properly authenticated and not judicially noticeable. Defendants respectfully request that

8  the Court refrain from considering Exhibits 1, 2, and 3 to Plaintiff's Opposition.

9  ### III.   CONCLUSION

10  Plaintiff's FAC maintains significant defects, including: 1) the fact that Defendants are entitled to

11  Eleventh Amendment immunity; 2) the lack of standing; 3) the dearth of non-conclusory factual

12  assertions related to the claims against Defendants; 4) the failure to adequately plead any plausible cause

13  of action; and 5) the failure to allege sufficient facts to establish liability against Defendants. Plaintiff's

14  FAC should be dismissed in its entirety. Further, Plaintiff has amended once by right and did not cure the

15  defects, then even added facts to its Opposition that continue to demonstrate an inability to cure.

16  Defendants respectfully request this Court grant Defendants' Motion to Dismiss the First Amended

17  Complaint, without leave to amend.

18

19  Dated:  June 18, 2024                    Respectfully submitted,

20                                           JOHN D. NIBBELIN, COUNTY COUNSEL

21

22  By: _____

23                    Gina J. Beltramo, Lead Deputy

24  Attorney for Defendants
    LAS LOMITAS ELEMENTARY SCHOOL
25  DISTRICT, LAS LOMITAS ELEMENTARY
    SCHOOL DISTRICT GOVERNING BOARD,
26  DR. BETH POLITO, HEATHER HOPKINS

27

28